| For Clerk's Office Use | | |
|---|---|---|
| Judge | Recd Date | Grv. |
| C | | |

For use by inmates in filing a complaint under **CIVIL RIGHTS ACT, 42 USC §1983**

**INMATE NAME:** MR. JAVIS E. HOLLAND,

**PRISONER NO.:** #1022219

**PLACE OF CONFINEMENT:** KEEN MOUNTAIN CORR: CENTER.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
MAR 0 2 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

MR. JAVIS E. HOLLAND,
_Enter Full Name_     Plaintiff

vs.
THE DIRECTOR OF HEALTH SERVICES (D.O.C)  CIVIL ACTION NO. 7:10-CV-00086
MS. BALL, MEDICAL PRACTITIONER, (K.M.C.C.)
MR. GERALD T. HOPKINS, M.D. MR. White (RNCB):
_Enter Full Name(s)_     Defendant(s)

A. Have you begun other actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

_____ Yes     __X__ No

B. If your answer to A is Yes, describe the action in the space below.

1. Parties to the Action: N/A

2. Court: N/A
3. Docket No.: N/A
4. Judge: N/A
5. Disposition: N/A

(For example, is the case still pending? If not, what was the ruling? Was the case appealed?)

C. Have you filed any grievances regarding the facts of your complaint?

Yes __X__    No _____

1. If your answer is Yes, complete the enclosed verified statement, indicating the result. Please attach evidence of your exhaustion of all available grievance procedures.
**SEE: ATTACHMENT OF GRIEVANCES.**

2. If your answer is No, indicate the reason for failure to exhaust on the verified statement. You may be required to exhaust your claims through any applicable grievance procedures. Your complaint may be dismissed if you fail to exhaust all avenues of the grievance process in a timely fashion.

D. Statement of Claim - State here briefly the facts of your case. Describe what action(s) each defendant took in violation of your constitutional rights. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. Use as much space as needed. You may attach extra paper if necessary.

Claim #1 - Supporting Facts - Tell your story briefly without citing cases or law.

SEE: ATTACHED BRIEF.

Claim #2 - Supporting Facts - Tell your story briefly without citing cases or law.

Claim #3 - Supporting Facts - Tell your story briefly without citing cases or law.

E. State what relief you seek from the Court. Make no legal arguments, cite no cases or statutes. PLAINTIFF SEEK $275,000 IN PUNITIVE DAMAGES.

and placement at a Facility Correctional Center, to receive care BY Diabetic physician.

SIGNED THIS __5th.__ DAY OF __MARCH__, 20__10__.

(Signature of Each Plaintiff) M. Javis E. Holland #1022219

**VERIFICATION:**

I, MR. JAVIS E. HOLLAND, #1022219, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 USC §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, three or more occasions, while incarcerated, brought an action or appeal in federal court that are dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of filing fees.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: __4/5/2010.__   SIGNED: M. Javis E. Holland #1022219

UNITED STATES DFISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

ROANOKE, DIVISION.

| | |
|---|---|
| MR. JAVIS E. HOLLAND, #1022219 ) | |
| Plaintiff, ) | |
| V. ) | CIVIL ACTION |
| THE DIRECTOR OF HEALTH SERVICE ) | CASE No.:_____ |
| DEPARTMENT OF CORRECTIONS. ) | |
| MR♦. WHITE (RNCB),MR. GERALD T. ) HOPKINS, M.D. and MS. BALL, NURSE) PRACTITIONER, (K.M.C.C.) ) | |
| Defendants, ) | |

INFORMAL BRIEF.

Come now MR. JAVIS E. HOLLAND,#1022219 pro Se, a confind prisoner of the commonwealth's of virginia, in The custody of Department of Corrections, Keen Mountain Correctional Center, file the following civil action pursuant to U.S.C. §1983). Plaintiff Fifth, Eighth and Fourteenth Amendments Constitutional rights have been violated by the above defendants authrities of the Department of Corrections health services agency.

Plaintiff, stated that these individual are liablr to ensure that adequate health care are deliever as prescribed by doctor's orders under the department of health policies and procedure. Failure to provide adequate proper care is a vilation of the United States Constitutional Amendments rights, that ensure plaintiff, equal protection of the law.

(1)

## NATURE OF THE CASE.

On Septenber 19, 2009. plaintiff MR. JAVIS E. HOLLAND, #1022219 offender house at Kenn Mountain Corr: Center, reported to the medical infirmary Dept. at the facility to have his blood sugar reading. The plaintiff, reading was recorded as 34. Later that night nurse Stevenson, checked plaintiff blood sugar which reading was recorded as 364. "But nurse Stevenson, forgotten to bring insulin for plaintiff diabetic illness.
Nurse Stevenson, stated that she would return within a hour with insulin, but never returned. On September 20, 2009. plaintiff requested again to receive his insulin shot, but nurse stevenson, denial to give plaintiff his insulin shot, During this time frame for unknown reason'(s). MR. WHITE, (RNCB) Head nurse at the institutional infirmary allegedly stated that plaintiff received his insulin. The reading of plaintiff blood sugar prove that MR. White, statement are not true.

Nurses Lester, Stevenson, nor MR. White, did not follower medical protocol to ensure plaintiff, that prescribed medical care were provided as order by doctor's.
Defendants violated medical policy state health care services, which are provided by qualified health care personnel.
Plaintiff have a serious illness disease status (DIABETIC): that is a death threaten disease.
(K.M.C.C.) do not have a food diet, and it is critical on behalf of the health authority to ensure its patient's such as the plaintiff, that professional decisionmaking is made to determine that patient care is first priority essential to his health and care.

(2)

## STATEMENT OF THE FACTS.

1). On September 19 2009. inadequate medical service at Keen Mountain Corr: Center violated plaintiff Fifth, Eighth, and Fourteenth Constitutional Amendments rights.

2). Plaintiff, was denial his diabetic sugar insulin shot.

3). MS. STEVENSON, nurse employee at Keen Mountain Corr: Center medical Dept. for The Department of Corrections violated medical policy procedure proceeding, failure to issue plaintiff his insulin shot.

4). Keen Mountain Corr: Center, Medical Dept. is a state corporate health agency within the Department of Corr: Dept. contracted by the government of virginia, to ensure that health care will be delievered to its offender's under its care.

5). Plaintiff, is a serious diabetic patient, in the custody of the state Departmnet of Corr: which have an affirmative duty to provide medical care.

6). Its the obligation of the state and its agents to provide competent, diligent medical personnel.

7). On 9/16/09. at Clinch Valley Medical Center, Richlands Virginia, Radiology examiner, indicated altered mental status finding small focal area of hyperdensity in the superior temporal sulcus on the right of the plaintiff head. Medical staff, at Keen Mountain Corr: Center, never sent plaintiff, back to Clinch Valley Medical Center to ensure post-followerup schedual order by doctor's will be follow.

8). The warrant of the follower-up appointment at Clinch Valley Medical Center, have been denied by medical authority providers at Keen Mountain Corr: Center.

9). Plaintiff try to resolve this issue through the grievance procedure at the facility. The administration failure to ensure plaintiff adequate medical care service.

10). MS. Ball, nurse Practitioner at Keen MOuntain Corr: Center Medical Facility under the guideness of MR. Gerald T. Hopkins, M.D. "denied plaintiff to have his finger stuck before reciving his insulin shot **(Two (2) Times a week finger sticks)**.

11). Diabetic patient's policy procedure clearly state for a reading of a diabetic patient blood sugar is require before issuing insulin shots.

12). MS. Ball, Nurse Practitioner at Keen Mountain Corr: Center are not a doctor to precirbed medication nor determine doctor's decisionmaking concerning patient's illness that is a life threaten condition.

13). (K.M.C.C.) don't have a doctor at the institutional on call to provide plaintiff or patient's adequate medical care.

14). Plaintiff seek Federal review of state Correctional Medical policy; pertaining to chronic care patient's who are diagnosis with diabetic disease, such as his self, who need to be place at a facility that provide chronic disbetic patient's.

15). Plaintiff, seek to have medical examination of his diabetic disease by a disbetic specialist physician, without any interfereing by security staff, nor medical personnel staff, or prison administration officials at the facility.

16). Defendants, have knowledge of awareness of plaintiff medical conditions and denial plaintiff adequate medical care within the prison facility.

## ISSUE.

On September 19th. and 20th. of 2009. PLaintiff was deprive of Life and Liberty, without equal protection of the law. Medical services was inadequate which constitute "Deliberate Indifference" on behalf of the defendants actions.
Disbetes is a disease that must be treated with professional care adequate within the medical facility and medication issued to its patient's with care.
The action by the defendants toward the plaintiff care was wanton negligence without penologist justification.

promot treatment toward palintiff disease must be treated without excessive delay.

"It is a life threaten disease that plaintiff is suffering unnecessary infliction of pain, cause by the illness and defendants action's impose upon plaintiff, well-being. Plaintiff, is guarantee equal protection of the law, within its jurisdiction that prescribed care will be delievered; "This principle established the government and its agents obligation to provide medical care for those whom its is punishing; and competent, diligent medical personnel is obligated to ensure that prescribed care is infact delievered.

## ARGUMENT.

Under well settled case law's; plaintiff file this action pursant to 42 U.S.C. §1983) Concerning his Fifth, Eighth, and Fourteenth Amendments rights have been violated by the defendants, denial plaintiff access to proper adequate medical care service. Prison rarely provide the complete necessary medical service within their walls.

However, plaintiff case herein is a life or death situation concerning, his diabetes disgestive system; unable to absorb normal amounts of sugar and starch.

Plaintiff, diagnosis of this disease place him in the status as a **(DIABETIC)**.

If a prisoner care that is not available nor adequate in the facility as a health service provider or health employee's professional care provider, the failure to obtain it else where or provide proper care may constitute "Deliberate Indifference" Prison officials maynot allow security concern to override a medical determination that a particilar patient is in need of prompt treatment shouldn't be necessary outside of appointments must be provided without excessive delay.

If prison physician failed to carryout the patient orders of his diagnosis, and are deny adequate medical care due to fault of medical personnel employee's plaintiff may use 42 U.S.C. §1983 to sue, prison medical care provider's including personnel and corporation who work's as private contractor's..

Plaintiff, is also seeking damages for medical Mal-practice under state law's

**SEED: Miltier V. Beorn,** 896 F. 2d. 848 (4th cir. 1990). and **Estelle V. Gamble,** 429 U.S. 97, 104, 97 S. ct. 285 (1976) The Seriousness of the need is an objective Component of plaintiff case.

"A Serious medical need is one that has been diagnosed by a physician, as requiring treatment. **Farmer V. Brennan,** 511 U.S. 825, 834 (1994).

Examples: "A prisoner has a serious need for medical treatment of an injury or conditions that a reasonable doctor or patient would find important and
worthy of treatment or medication when the presence of a medical condition affect an individual daily activities, or the serious existence of substantial pain.
Prisoner, can not provide for their own medical care they are wholly dependant on prison doctor's and its agency for that care.

An individual incarcerated becomes both vulnerable and dependant upon the state; denial of necessary treatment beyoung that contemplated by the incarceration itself, restrained by the authority of the state.
The Supreme Court's, note that the Eighth Amendment prohibits punishment that invole the unnecessary and wanton infliction of pain and suffering. This principle established the government obligations to provide medical care for these whom it is punishing by incarceration.

(7)

**Criminal Law:** Cruel and Unusual punishment Clause of the Eighth Amendment medical care for prisoner's elementary principles of the cruel and unusual punishment clause of the eighth Amendment establish the government obligations to provide medical care for those whom it is punishing by incarceration.

**Due-Process of Law:** "The Fourteenth Amendment provide prisoner's equal protection under the law witnin its jurisdiction of the state.

"If a state elects to impose imprisonment as a punishment for crime, I believe it has an obligation to provide the prisoner in its custody with a health care system which meet the standards of adequacy. As a part of that basic obligation, the state and its agents have an affirmative duty to provide reasonable access to medical care to provide Competent, Diligent medical personnel, and to ensure that prescribed care is infact delievered.

MR. White, Head nurse at Keen Mountain Corr: Center, infirmary and nurse Lester, and nurse Stevenson, all are obligated under contract by th Virginia health department within The Department of Corrections, to ensure plaintiff that prescribed care will be delievered in diagnosis will be treated with care upon plaintiff diabetic illness.

On September 19, 2009. Plaintiff, blood sugar reading was 34. later that night its reading was 364. The affirmation given by nurse Stevenson, that she foregotten to bring to issue plaintiff his insulin shot. The nurse advised plaintiff that she would return within the hour to give plaintiff his insulin shot, nurse

(8)

Stevenson, never returned with plaintiff insulin.

Further, the nurse said that plaintiff blood sugar reading was 364. nurse Stevenson, said on another date that plaintiff reading was 394. In **Tubman V. CommonWealth's,** 3 Va. App. 267, 348 S.E. 2d. 871 (1986). GIVE US A CLEAR PATTERN OF THESE NURSES ACTIONS.

Law recongnizes Three (3) degrees of Negligence:

[A]. **Ordinary or Simple,**

[B]. **Gross, and**

[C]. **Willful, Wanton and Reckless.**

Ordinarily or Simple, neglienece is failure to use degree of care ordinarily prudent person would exercise under same or similar circumstances to avoid injury to another.

Gross Negligence, is degree of negligence which shows indifference to other's as constitutes utter disregard of prudence amounting to complete neglect of safety of another.

"The costs of the plaintiff, insulin shouldn't play a role in the decisonmaking of his care. The court's have noted that the principle established the government of the state of Virginia, obligations to provide medical care for those whom it is punishing by incarceration.

MR. White, Head nurse at Keen MOuntain facility infirmary Dept, is concealing this medical issue in order to avode traeting it with proper adequate care as a provider for the state agency health care. The undisputed facts herein, is that nurses failed to carryout their professional duty nor acted properly concerning plaintiff medical need.

(9)

Nurses have bought harm. pain, and suffering upon plaintiff, which have been an pattern and burden impose upon plaintiff, well-being, and medical neglected practiced. "That give more reason's for the court's to believe by defendants action's that medical MaL-practice plays a role in this matter against the plaintiff health.

Records proof will verify and dertermine the truth, which will show the wrongful actions and practice impose upon plaintiff, by the defendants neglecting plaintiff diabetic illness.

## CONCLUSION.

The plaintiff disappointment is that he have to suffer painfully that could have lead to his death, which threaten plaintiff to file a civil action under 42 U.S.C. §1983 In order to seek Medical care through the court's that is very much needed. Defendants failure to follower plaintiff diabetic diagnosis protocol order's. The defendants disreguard the virginia department of corrections health policy procedure proceedings concerning plaintiff diabetic illness.

The facts lays within medical records that plaintiff is a serious diabetic patient, approve by the chief physician dir. of health serivces through the department of corrections.

Therefore, plaintiff seek relief from this Honorable court, in his favor for Summary judgment of plaintiff civil action 42 U.S.C.§1983 Claim relief as appears just in the vision of the United States Constitution.

RESPECTFULLY SUBMITTED.

*M.r. Javis E. Holland #1022219*

MR. JAVIS E. HOLLAND, #1022219

KEEN MOUNTAIN CORR: CENTER,

P.O. BOX 860

OAKWOOD, Va. 24631.

## CERTIFICATE OF SERVICE.

"I hereby that a true and correct copy of the foregoing Mailed on this 5TH, Day of March, 2010. To the clerk of the western District united states District court, Roanoke Division Virginia, office of the clerk post office Box 1234, Roanoke Virginia 24006. And the Attorney General of the state of Virginia. 900 East Main Street, Richmond, Va. 23219.

## AFFIDAVIT.

"I, MR. JAVIS E. HOLLAND, #1022219 decline under the penalty of perjury that all facts stated in this brief are under oath and are true and correct to the best of my Knowledge and belief.

**RESPECTFULLY SUBMITTED.**

*MR. Javis E. Holland, #1022219*

MR. JAVIS E. HOLLAND, #1022219

KEEN MOUNTAIN CORR: CENTER,

P.O. BOX 860

OAKWOOD, Va. 24631.

