CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 1 2010

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAVIS E. HOLLAND, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:10CV00086 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | |
| DIRECTOR OF HEALTH SERVICES, ) | By: Glen E. Conrad |
| ET AL., ) | United States District Judge |
| ) | |
| Defendants. ) | |

Plaintiff Javis E. Holland, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Holland alleges that the defendant officials at Keen Mountain Correctional Center acted with deliberate indifference to his serious medical needs related to his diabetes. The court notified plaintiff of certain pleading deficiencies and granted him an opportunity to amend his complaint, which he has done. The court will grant plaintiff's request for amendment of the complaint. Upon review of the record, however, the court finds that the complaint as amended must be summarily dismissed.

## Background

In his submissions, Holland alleges the following sequence of events on which his claims are based. On September 19, 2009, Holland reported to the medical unit at about 4:30 p.m. to have his blood sugar checked. It registered low, 34 mg/dL. Based on this reading, Holland did not receive an insulin shot at that time. The nurse told him to eat something to raise his sugar level. At 8:15 p.m., Nurse Stephenson[1] rechecked Holland's blood sugar level, and it registered at 364 mg/dL. The nurse told Holland that she had forgotten to bring insulin with her and would bring him his shot within an hour. She did not return that quickly, however. When an officer

---

[1] This defendant's name is spelled several different ways in plaintiff's submissions. The court will use the spelling that the nurse herself used on the medical records Holland submits.

called the nurse on Holland's behalf, the nurse informed him that Holland would be given his insulin after he reported to his job in the kitchen at 3:00 a.m. After several hours with a high blood sugar level, Holland felt weak, his vision became blurry, and he felt "like something was crawling around in [his] head." At 3:45 a.m. on September 20, 2009, at pill call, Nurse Stephenson checked Holland's blood sugar again, and it registered 394 mg/dL. She gave him an insulin shot at that time.

Holland sues Defendant Ball, a "medical practitioner" at Keen Mountain, alleging that although Ball is not a doctor, she told the nursing staff that Holland should receive only two finger sticks per week to check his blood sugar level. Holland believes that his blood sugar should be checked before he takes any insulin.

Holland also sues Dr. Gerald T. Hopkins, M.D., alleging that this defendant has not given him "proper check-ups." Since his arrival at Keen Mountain on December 5, 2008, he has seen Dr. Hopkins only three or four times for a "chronic illness diabetes screening check up."

Holland alleges that Mr. White, the head nurse at Keen Mountain, has not provided him with a "diabetic snack bag twice a day." White informed Holland that such snack bags are provided only to inmates in segregation or inmates in the general population who have no money on their inmate accounts. Holland alleges that because the prison does not provide him with snack bags, he has been hospitalized twice after his blood sugar dropped too low. Holland seeks monetary damages and transfer to a facility where he can receive appropriate diabetes care.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is legally "frivolous, malicious or fails to state a claim upon which relief may be

granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To prove that his course of medical treatment amounted to an Eighth Amendment violation, an inmate must show that prison officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed and that he drew that inference. Farmer v. Brennan, 511 U.S. 825, 847 (1994). On the other hand, negligent misdiagnosis or other instances of medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence indicated doctors diagnosed and treated plaintiff's symptoms, but did not show that doctors knew his condition involved pituitary gland tumor, failure to diagnose and treat that condition did not state Eighth Amendment claim even though inmate ultimately went blind). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Prison officials may rely on the opinion of the medical staff as to the proper course of treatment for an inmate's medical needs. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

For purposes of this opinion, the court will assume that Holland's diabetes presents a serious medical need for medical care. After review of Holland's allegations as amended, however, the court concludes that he fails to allege facts stating any plausible constitutional claim actionable under § 1983.

## A. Missed Insulin Dose

In his claim against Nurse Stephenson for knowingly delaying his insulin shot for 7 1/2 hours, Holland's allegations state nothing more than a disagreement with her treatment decisions. He submits the nurse's medical notes from September 19-20, 2009. Her note at 8:20 p.m. indicated that although Holland's blood sugar was 363, he did not appear to be in any distress. Her note at 11:10 p.m. indicated that when Holland requested his evening insulin shot, she told him that he would receive it at his 3:30 a.m. pill call, which he did. The nurse's note at 3:30 a.m. indicated that Holland's blood sugar was 394, that he reported "feeling real bad," and was placed in the medical ward for continued monitoring.

The allegations and medical notes indicate that Nurse Stephenson was monitoring Holland's condition and made a medical judgment that he could wait for his insulin until 3:30 a.m. Neither Holland's allegations nor the medical notes indicate that anyone notified the nurse before 3:30 a.m. that Holland was feeling bad. Even if Holland could prove that his discomfort that evening was caused by his high blood sugar, and that the nurse misjudged the adverse effects that a few hours' delay in medication would have on Holland's condition,[2] such medical negligence is not sufficient to support a finding of deliberate indifference so as to state a constitutional claim.[3] Estelle, 429 U.S. at 105-106. The court finds that the claim against Nurse Stephenson must be dismissed, pursuant to § 1915A(b)(1), for failure to state any constitutional claim.

---

[2] Holland's submitted medical records indicate that on February 3, 2010, his blood sugar registered at 411, without any reports of discomfort noted; the nurse indicated on that date that Holland admitted to having eaten pancakes with syrup for breakfast.

[3] Section 1983 was intended to protect only federal rights guaranteed by federal law and not negligence claims for which there are adequate remedies under state law. Wright, 766 F.2d at 849. Thus, to the extent that Holland's allegations in this complaint may give rise to any such state law claims, they are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice.

### B. Finger Sticks, Checkups and Snack Bags

All of these alleged shortcomings in the medical care the defendants are providing to Holland at Keen Mountain result from medical judgments as to the appropriate course of treatment. Under § 1983, the court cannot second guess such medical decisions. See Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). The defendants are clearly providing Holland with treatment for his diabetes. His disagreement with the number of checkups and finger sticks he receives, and with the institution's policy regarding which inmates receive free snack bags, does not state any constitutional claim. Wright, 766 F.2d at 849. Holland does not allege any facts suggesting that he does not have the ability to obtain snacks from the commissary or to otherwise control his sugar levels by eating an appropriate diet. Finding no constitutional violation alleged here, the court will dismiss these claims, pursuant to § 1915A(b)(1).

### C. Other Claims

In the conditional filing order, the court notified plaintiff that he needed to allege specific facts concerning actions of the named defendants in violation of his constitutional rights. As to some of his allegations, he has failed to do so.

Holland alleges no facts concerning how one identified defendant, the Director of Health Services, has violated his rights. Holland does allege in the complaint that medical policy within the Virginia Department of Corrections (VDOC) is deficient, based on his personal belief that he should be housed at a facility where a physician is on call at all times and where his condition can be monitored by a doctor who specializes in diabetes care. As he fails to demonstrate that these challenged policies have caused violations of his constitutional rights concerning medical care, however, Holland states no constitutional claim against the Director of Health Services or anyone else concerning these policies.

Also in his complaint, Holland alleges that on September 16, 2009, a radiology examiner at Clinch Valley Medical Center in Richlands, Virginia, "indicated altered mental status finding small focal area of hyperdensity in the superior temporal sulcus [sic] on the right of [Holland's]

head." Holland alleges that the Keen Mountain medical staff did not ensure follow up treatment of this finding. In his amendment, however, Holland fails to allege facts indicating that this radiology reading represents a serious medical need for different evaluation or treatment than he has received. He also fails to allege facts concerning his attempts to receive additional evaluation or treatment from any one or more of the defendants. Accordingly, the court concludes that his complaint as amended fails to state any actionable claim against anyone concerning the radiology reading.[4]

## Conclusion

For the stated reasons, the court concludes that the complaint as amended fails to state any constitutional claim actionable under § 1983. Therefore, the action must be dismissed, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of March, 2010.

_____
United States District Judge

---

[4] Holland also fails to provide information concerning his exhaustion of administrative remedies concerning the alleged need for follow up evaluation or treatment related to the radiology reading. Absent exhaustion, this claim is not yet actionable under § 1983. See 42 U.S.C. § 1997e(a).